UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

June 22, 2022

Nathan Ochsner, Clerk

| | |
|---|---|
| Carlton Energy Group, LLC, | § |
| | § |
| Plaintiffs, | § |
| | § |
| *versus* | § |
| | § |
| Cliveden Petroleum Company Limited, *et al.*, | § |
| | § |
| Defendants. | § |

Civil Action H-22-170

## Opinion on Award and Fees

1.  *Introduction.*

　　Carlton Energy Group seeks to confirm an arbitration award against Cliveden Petroleum Company. The award arose from a breach of a contract based on Carlton's assignment of oil interests in Chad to Cliveden.

2.  *Background.*

　　In 2000, Carlton and Cliveden contracted to assign Carlton's interest in an oil concession in Chad to Cliveden in exchange for 10% of its quarterly profits. The agreement contained a binding arbitration clause.

　　A.　*Pre-Arbitration.*

　　In 2012, Carlton sued Cliveden to enforce the arbitration clause. Eight months later, the case was removed. Carlton filed an amended complaint adding Cliveden's alleged alter-egos, successors, or agents. Cliveden has six:

(1) PetroChina Company Limited;

(2) China National Oil and Gas Exploration and Development Corporation;

(3) China Petroleum Exploration & Development Company Limited;

(4) China National Oil and Gas Exploration and Development Corporation International Holding Ltd.;

(5) CNPC International (Chad) Ltd.

(6) CNPC International (Chad) Co. Ltd.

In proceedings with the Magistrate Judge, the parties vehemently disputed the jurisdiction of the non-signatory defendants in the assignment agreement as successors-in-interest or alter-egos. For five years, Carlton asked and received discovery to determine the character of Cliveden's alter-egos. The defendants eventually stipulated that they would voluntarily submit to arbitration without conceding that they were alter egos of Cliveden. The Judge found that the non-signatories had impliedly consented to jurisdiction – liability remained unresolved. Arbitration was ordered. The case was stayed and then dismissed, sua sponte, on August 8, 2018.

B.    *Arbitration.*

On January 22, 2018, Carlton formally demanded an arbitration.

The first phase of arbitration was limited to deciding the contractual claim by Carlton for payment of the distributable net profits under the agreement. On December 29, 2020, the arbitrators issued a partial award that addressed the interpretation of the contract.

The second phase of arbitration resolved the calculation of net profits in a settlement agreement. Carlton agreed to accept Cliveden's payment of $140,651,997 for distributable net profits through December 31, 2020. On July 12, 2021, a consent award was filed and incorporated in the final award.

The final issue the arbitrators decided was the parties' claim to accruing interest and attorneys' fees. The parties stipulated that the final award for both phases would be limited to covering issues that were submitted. It said, "The Final Award for Phases 1 & 2 will not serve as a final award covering issues raised in [Carlton's] Demand for Arbitration that have not yet been submitted for resolution."

On October 20, 2021, the final award was issued. The award acknowledged that the parties abated "Other Claims" – liability of the non signatories – without prejudice. It deemed that Cliveden and the non-signatories must pay $21,104,999 in pre-award interest, $5,526,000 in attorneys' fees, and

$2,937,325.75 for arbitration-related costs. Carlton's request for pre-arbitration attorneys' fees was denied for lack of jurisdiction by the arbitrators.

On November 2, 2021, Cliveden submitted an application to correct the final award to remove the non-signatories. The arbitrators denied the correction. It found: (1) Cliveden did not identify clerical errors in the final award; (2) the award was clear; and (3) the non-signatory defendants participated in the arbitration to the extent of their representation and advocacy. It expressly rejected attempts to consider the liability argument by Cliveden.

On January 6, 2022, Carlton moved to confirm the arbitration award. Cliveden and the other defendants cross-moved to vacate or modify the award.

3.    *Arbitration Award.*

Review of an arbitration award is limited.[1] The law favors confirmation of an arbitration award to settle disputes efficiently and avoid lengthy litigation. The Federal Arbitration Act requires that a court confirm an arbitration award unless it finds a ground for refusal specified in the New York Convention.[2] Article 5 of the Convention says that an award may be rejected if the arbitrator resolved disputes outside of the scope of submission.[3]

A.    *Validity as to Cliveden.*

Both parties agree that the final award applies to Cliveden. Cliveden was a party to the contract. It was a party to the arbitration. The final award says that Cliveden is liable to Carlton for the distributable net profits and interest.

The grounds for refusal of a confirmation award do not apply to Cliveden. The award against Cliveden is confirmed.

---

[1] *In the Matter of the Arbitration Between Trans Chem. Ltd. & China Nat'l Mach. Import & Exp. Corp.*, 978 F.Supp. 266, 303 (S.D.Tex.1997).

[2] 9 U.S.C. § 207; *Thomas James Assocs., Inc. v. Owens*, 1 S.W.3d 315, 319–20 (Tex.App.-Dallas 1999).

[3] Convention on the Recognition and Enforcement of Foreign Arbitral Awards (1958)

B.     *Validity as to Non-Signatories.*

The non-signatories were named in the final award for attorneys' fees and arbitration costs. Cliveden says that the award should be vacated because the arbitrators exceeded their powers and engaged in misconduct. It says that the arbitrator lacked jurisdiction to bind the non-signatories to the final award when the issue was never presented before it. It says that the liability of the non-signatories was expressly excluded from consideration in the arbitration. Alternately, it says that the Court should limit the award only to Cliveden.

1.     *Vacation of Award*

The Court defers considerably to the arbitrator's decision under the Federal Arbitration Act.[4] Cliveden bears the burden of proof. Vacation of an award is appropriate if the arbitrators: (a) exceeded their powers or "imperfectly executed" their award based on an issue that was not submitted; and (b) engaged in misconduct by refusing to postpone a hearing or hear evidence pertinent to the controversy.[5] If an arbitrator does not give each of the parties an adequate opportunity to present its evidence, the Court may vacate the award.[6]

a.     *Misconduct.*

Cliveden says that the arbitrators failure to hear evidence of non-signatories liability constitutes misconduct. It says that the rights of the non-signatories were prejudiced.

Carlton says that respondents' liability for interest, fees, and costs were presented to the arbitrators. It insists that the arbitrator did not refuse to hear pertinent evidence material to the controversy. It says that arbitrator considered the evidence in the non-signatories' briefs and rejected their argument.

---

[4] *Gulf Coast Indus. Workers Union v. Exxon Co.*, 991 F.2d 244, 248 (5th Cir.1993)

[5] 9 U.S.C. §§ 10(a)(3), 10(a)(4).

[6] *Hoteles Condado Beach v. Union de Tronquistas Local*, 901, 763 F.2d 34, 39 (1th Cir. 1985)

-4-

Misconduct is a high bar. The arbitrators' refusal to hear the evidence concerning the liability of non-signatories was valid. The issue was not submitted. The final award said that issues not discussed in phase one and two were reserved.

Carlton attempts to flip the arbitrator's decision not to hear the evidence as a decision on the merits. It is not. In the arbitrators' decision on modification of the final award, they said that the arguments that Cliveden submitted for liability of the non-signatories were "novel." If the argument is novel, it means that the argument had not been presented before the arbitrators.

The arbitrators did not engage in misconduct.

b.      *Extension of Power.*

Cliveden says that the Court should vacate the award because the arbitrators exceeded their powers by holding the non-signatories liable for interest and attorneys' fees. It says that Carlton's request for attorneys' fees was limited to Cliveden. It insists that the liability issue was never presented to the arbitrator.

Carlton says that Cliveden's submission to the arbitrators was on behalf of the non-signatories. It insists that the non-signatories' actions to delay arbitration caused the arbitrator's to hold them jointly and severally liable for attorneys' fees. It says that they were not merely bystanders.

An arbitrator may not bind non-parties to an arbitration agreement.[7] A court has vacated an award based on extension of power when an arbitrator found a non-party to the arbitration liable for damages.[8]

The non-signatories were parties in this arbitration. The consent award did not include the non-signatories because they were not parties to the contract. The arbitrator justified their inclusion in the final award based on their representation – not liability as alter egos.

---

[7] *Porzig v. Dresdner, Kleinwort, Benson, N, Am. LLC*, 497 F.3d 133, 140 (2d Cir.2007)

[8] *Amedeo Hotels Ltd. P'ship v. New York Hotel & Motel Trades Council, AFL-CIO*, No. 10 CIV. 6150 NRB, 2011 WL 2016002, at *7 (S.D.N.Y. May 18, 2011)

2.    *Modification of Award.*

The Court may modify or correct an arbitration award if the arbitrator's award decides an issue not submitted that affects the merits of the award.[9] Modification or correction of an award may reopen issues. Jurisdiction is available to adjudicate related issues on a "common-sense basis."[10]

The Court is not bound by the arbitration panel's findings that the non-signatories are liable for attorneys' fees.[11] Judicial notice is taken of the lengthy proceedings with the Magistrate Judge that did not resolve the threshold issue of liability for the non-signatories. It remained undecided when the case was unexpectedly dismissed.

In the interest of judicial efficiency, the Court will not send the case back to the arbitrator to decide whether the non-signatories are liable. The Court retains jurisdiction to decide whether the corporate veil may be pierced to allow the six subsidiaries to be held liable as alter egos of Cliveden.

The non-signatories did not concede that they were the alter egos by participating in arbitration. Their willingness to arbitrate was voluntary. The non-signatories repeatedly preserved the issue during arbitration. The non-signatories named in the award does not immediately presume that they are the alter egos.

The arbitrators purposefully rejected attempts to consider the issue in the application for corrections to the award under Article 33. It did not consider evidence for the inclusion of the non-signatories. The arbitrators' said that the non-signatories were named in the award because of their participation in the proceeding. More importantly, the arbitrators did not include them in the consent award that was based on the contract.

---

[9] 9 U.S.C. § 11

[10] *Transnitro, Inc. v. M/V Wave*, 943 F.2d 471, 474  (4th Cir. 1991)

[11] *Bridas S.A.P.I.C. v. Government of Turkmenistan*, 447 F.3d 411 (5th Cir. 2006)

Carlton also says that the issue is moot because Cliveden has already paid the full amount of the award against all Defendants jointly and severally. It says that the arbitrator ruled on the issue of liability because Carlton submitted a claim against all respondents, including the non-signatories. It says that Cliveden's response to the claim was on behalf of all respondents.

The issue of liability is not moot. Cliveden prudently paid the amount it owed to avoid incurring interest. Payment of an award does not render a confirmation award non-justiciable. The Supreme Court has distinguished confirmation of an award from a defendant's payment or satisfaction of an award.[12]

Carlton and Cliveden have continued business. The non-signatories fear that an award that holds them liable for attorneys' fees in this arbitration could have a preclusive effect in future disputes of the assignment agreement. The liability of the alter egos remains undecided after arbitration. The modification of the award against the non-signatories is stayed pending a resolution on whether the non-signatories are the alter egos of Cliveden.

Because the parties have conducted discovery in the prior proceeding, additional discovery is unnecessary. The Court will order a supplemental briefing on this issue.

4.    *Pre-Arbitration Attorneys Fees.*

Between 2012 to 2017, the parties litigated in federal court. Carlton seeks attorneys' fees for the pre-arbitration proceedings under Rule 54(d)(2). It says that it performed 4,269.35 hours of work that costs $5,779,085 in attorneys' fees.

Cliveden asks that the court reject Carlton's reply to Cliveden's opposition to its motion to confirm because it was untimely. Because it was filed late without explanation, the new arguments raised will not be considered.

---

[12] *Henderson v. Summerville Ford-Mercury Inc.*, 405 S.C. 440 (2013).

A.   *Jurisdiction.*

The arbitration panel did not consider Carlton's request for attorney fees because it lacked jurisdiction for determining a pre-arbitration award. Cliveden contests this Court's jurisdiction because Carlton is seeking attorneys' fees in a motion to confirm an arbitration award. It says that Carlton should have brought this request in the prior litigation.

Cliveden says that Carlton is also time-barred from recovering attorneys' fees. It says that Rule 54 required that counsel file for attorneys' fees within 14 days of final judgment. It says that Carlton waited two years to seek attorneys' fees. It says it has waived its request for the fees by failing to file a request in its complaint in the prior litigation. It insists that Section 38 does not create a cause of action independently to move for fees.

Carlton says that the Court's confirmation award becomes a final judgment. It says that the motion for attorneys' fees should be treated as a post-award prejudgement interest. It says that in the prior litigation, the claim for fees was not ripe. It insists that final judgment has not been entered.

The freestanding attorneys' fees request is unusual in a summary proceeding to confirm an award. The fees claimed should have been brought in the prior court which had intimate knowledge of the procedural history in the case. Because the previous court dismissed the case, sua sponte, Carlton was deprived of its right to petition for attorneys' fees.

Section 38 permits recovery of reasonable attorneys' fees in addition to the amount of a valid claim or cost. It does not create its own cause-of-action. Carlton is not using it as such. It is seeking attorneys' fees in addition to the confirmation award that would serve as final judgment.

Final judgment was not rendered in the prior litigation. Instead of staying the case pending arbitration, it was dismissed; leaving Carlton no avenue to seek attorney fees for pre-arbitration litigation. Carlton attempted to have the arbitrators decide the issue. They rejected the claim because it was outside the scope of submission. Because Carlton did not have an opportunity to assert its claim for attorneys' fees in the prior litigation, this Court has jurisdiction to consider it in addition to the confirmation award.

B.    *Attorneys' Fees.*

The assignment agreement between Carlton and Cliveden is governed by Texas. Section 38 of Texas Civil Practice law says that attorneys' fees must be awarded if a claimant recovers damages in a breach of contract. Carlton must show that it (a) prevailed on a cause of action; and (b) recovered damages.[13]

To recover attorneys' fees, the party must prevail. Prevailing party means a party who prevails on the main issue, even if not to the extent of its original contention.[14] It must be based on the success of the merits. The Court looks to the judgment, not preliminary verdicts or rulings.[15]

Carlton says it prevailed in arbitration. It says it obtained declaratory success in the partial final award by settling the standards for calculation of the net profit payments under the contract. It says it won over $150 million in monetary relief based on the stipulated consent award. Because the award was more favorable, it says it prevailed. It says it won on the breach of contract claim and recovered damages as well as a favorable contract interpretation.

Carlton says that attorneys' fees are recoverable in a breach of contract for non-contractual claims that advance the contract claim. It says that the work required to identify the non-signatories advanced the breach of contract claim. It says that its pursuit of the non-signatories allowed the arbitrator's to access the proper financial records because Cliveden relied on CNPCIC — one of Cliveden's alleged alter-egos – for records.

Cliveden says it did not prevail in the prior litigation. It says that Carlton prolonged litigation by insisting on discovery for the non-signatories. It says that the non-signatories *voluntarily* entered arbitration despite their absence as a party in the assignment agreement. It says that the case was dismissed without prejudice. No ruling on the merits of Carlton's breach of contract claim was reached.

---

[13] Texas Civil Practice and Remedies Code § 38.001; *Atrium Medical Center, LP v. Houston Red C LLC*, 546 S.W.3d 3005 (App. 14 Dist. 2017)

[14] *Kleberg County v. URI, Inc.*, 540 S.W.3d 597 (App. 13 District 2016).

[15] *Elness Swenson Graham Architects, Inc., v. RLJ II-C Austin Air, LP* 520 S.W.3d 145 (App. 3 Dist. 2017)

In 2012, Carlton sued Cliveden to compel arbitration. It also sued for breach of contract. Prevailing on breach of contract did not require that Cliveden's alter-egos. They were not signatories to the contract. Nevertheless, Carlton spent five years litigating their inclusion in the dispute.

Carlton's claim that its effort against the non-signatories advanced the breach of contract is wrong. It did prevail in its action to compel arbitration. Carlton may only obtain fees if it won on final judgment. The Fifth Circuit has not directly ruled on whether a motion to compel arbitration is a dispositive or non-dispositive motion for purposes of final judgment.[16] Still – the breach of contract claim was never decided on the merits. The arbitrators merely interpreted the contract provision for payment of net profits and Cliveden paid. Even if this court confirms judgment, which it does, against Cliveden only, it is not a judgment on the breach of contract.

Carlton succeeded with a favorable interpretation of the contract but not whether Cliveden breached it. If the sole basis of Carlton's breach of contrtact claim relies on the non-signatories, then it may not recover against Cliveden. It has failed to show that its efforts advanced the breach of contract claim. To the contrary, it delayed the arbitration mandated by the contract.

5.    *Conclusion.*

The arbitration award is confirmed against Cliveden, only. The confirmation of the award against the non-signatories is dismissed without prejudice until the Court is briefed on their status as alter-egos.

Carlton's request for pre-arbitration attorneys' fees is denied. (2)

Signed on June **22**, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[16] *Lee v. Plantation of Louisiana, LLC,* 454 F. App'x 358, 360 n 3 (5th Cir. 2011).