United States District Court
Southern District of Texas

ENTERED

January 12, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Carlton Energy Group, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-22-170 |
| | § | |
| Cliveden Petroleum Co. Ltd., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Final Judgment

1. *Introduction.*

Before the Court is an arbitration award resolving Carlton Energy Group's breach of contract claim against Cliveden Petroleum Company and six of Cliveden's alleged alter-egos, successors, or agents (the Non-Signatories) concerning Carlton's assignment of its oil and gas interests in the Republic of Chad to Cliveden.

Following arbitration, Carlton filed this suit to confirm the award in its favor against Cliveden and the Non-Signatories and requested an award of attorneys' fees incurred in pre-arbitration litigation. By counter-motion, the Non-Signatories seek to vacate or amend the arbitration award as it applies to them. Because the arbitration panel exceeded the scope of the arbitration clause by purporting to bind the Non-Signatories in its award of pre-award interest, the award must be modified in part. As to Cliveden, the award is confirmed. Carlton's request for pre-arbitration attorneys' fees is denied.

2. *Background.*

In 2000, Carlton and Cliveden contracted to assign Carlton's interest in an oil concession in Chad to Cliveden in exchange for 10% of the quarterly profits. The agreement contained a binding arbitration clause.

A.    *Pre-Arbitration.*

In 2012, Carlton sued Cliveden in Texas state court to enforce the arbitration clause. Eight months later, the case was removed.  Carlton filed an amended complaint adding the six Non-Signatories, Cliveden's alleged alter-egos, successors, or agents:

(1)    PetroChina Company Limited;

(2)    China National Oil and Gas Exploration and Development Corporation;

(3)    China Petroleum Exploration & Development Company Limited;

(4)    China National Oil and Gas Exploration and Development Corporation International Holding Ltd.;

(5)    CNPC International (Chad) Ltd.; and

(6)    CNPC International (Chad) Co. Ltd.

In proceedings before the Magistrate Judge, the parties vehemently disputed the jurisdiction of the Non-Signatories in the assignment agreement as successors-in-interest or alter-egos. For five years, Carlton asked and received discovery to determine the character of Cliveden's alter-egos. The Non-Signatories eventually stipulated that they would voluntarily submit to arbitration without conceding that they were alter-egos of Cliveden. The Magistrate Judge found that the Non-Signatories had impliedly consented to jurisdiction, but that liability remained unresolved and ordered arbitration, and the district court adopted the recommendation.[1] The case was stayed and then dismissed, sua sponte, on August 8, 2018, on the basis that the arbitration was proceeding as ordered.[2]

---

[1] *Carlton Energy Grp., LLC v. Cliveden Petroleum Co. Ltd.*, H-13-0095 (S.D. Tex. June 23, 2018), Dkt. 318 (recommendation); *Carlton*, H-13-0095 (Aug. 8, 2017), Dkt. 232 (order adopting recommendation).

[2] *Carlton*, H-13-0095 (Aug. 6, 2018), Dkt. 333.

B.    *Arbitration.*

Following the Magistrate Judge's order, Carlton formally demanded an arbitration. Arbitration in Houston, Texas proceeded in three phases.

In the first phase, the parties submitted the issue of the interpretation of the contract language concerning Carlton's claim for payment of the distributable net profits under the agreement. The panel issued a partial award that addressed the interpretation of the contract.

In the second phase, the parties intended to submit the issue of the calculation of net profits, but the parties resolved the issue through a consent award. In the consent award, they agreed to the amount of past damages owed by Cliveden to Carlton under the panel's construction of the contract language.
Additionally, the parties stipulated that the final award for both phases would be limited to covering issues that were actually submitted: "The Final Award for Phases 1 & 2 will not serve as a final award covering issues raised in [Carlton's] Demand for Arbitration that have not yet been submitted for resolution."

The final issue submitted to the panel was the parties' claims to accruing interest, attorneys' fees, and costs.

On October 20, 2021, the panel issued the final award. The award incorporated the partial award interpreting the disputed contract language, incorporated the consent award on damages, awarded pre-award interest and arbitration-related attorneys' fees and costs to Carlton, and denied Carlton's request for pre-arbitration attorneys' fees for lack of jurisdiction. Importantly, the award of pre-award interest and arbitration-related attorneys' fees and costs was made jointly and severally liable on both Cliveden and the Non-Signatories. The award included language expressly disclaiming any adjudication of the "Other Claims" – the liability of the Non-Signatories under alter-ego, agency, conspiracy, or successor liability theories.

On November 2, 2021, Cliveden submitted an application to correct the final award on fees, interest, and costs to remove the Non-Signatories. The panel denied the correction. It found: (1) Cliveden did not identify clerical errors in the final award; (2) the award was clear; and (3) the Non-Signatories participated in the arbitration to the extent of their representation and advocacy. It expressly rejected attempts to consider the argument raised by Cliveden that the Non-Signatories could not be held liable.

On January 6, 2022, Carlton filed this suit to confirm the arbitration award and requested an award of attorneys' fees incurred in the pre-arbitration litigation. Cliveden and the Non-Signatories cross-moved to vacate or modify the award as to the Non-Signatories.

3.     *Arbitration Award.*

Review of an arbitration award is limited.[3] The law favors confirmation of an arbitration award to settle disputes efficiently and avoid lengthy litigation. The Federal Arbitration Act requires that a court confirm an arbitration award unless it finds a ground for refusal specified in the New York Convention.[4] Article 5 of the Convention says that an award may be rejected if the arbitrator resolved disputes outside of the scope of submission.[5]

---

[3] *In the Matter of the Arbitration Between Trans Chem. Ltd. & China Nat'l Mach. Import & Exp. Corp.*, 978 F. Supp. 266, 303 (S.D. Tex. 1997).

[4] 9 U.S.C. § 207; *see also Thomas James Assocs., Inc. v. Owens*, 1 S.W.3d 315, 319–20 (Tex. App.—Dallas 1999, no pet.).

[5] United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, art. V, June 10, 1958, 330 U.N.T.S. 38; 21 U.S.T. 2517; 7 I.L.M. 1046.

A.     *Confirmation as to Cliveden.*

All parties agree that the final award applies to Cliveden. Cliveden was a party to the contract. It was a party to the arbitration. The final award says that Cliveden is liable to Carlton for the agreed-upon distributable net profits and interest.

The grounds for refusal of a confirmation award do not apply to Cliveden. The award against Cliveden is confirmed.

B.     *Vacation and Modification in Part as to Non-Signatories.*

The Non-Signatories were named in the final award for pre-award interest, arbitration-related attorneys' fees, and arbitration costs. Clivedon and the Non-Signatories argue that the award should be vacated in part because the panel exceeded its powers and engaged in misconduct. They further argue that their liability was expressly excluded from consideration in the arbitration, therefore the panel lacked jurisdiction to bind the Non-Signatories to the final award. Alternately, they request the award be modified to apply only to Cliveden and exclude the Non-Signatories.

The Court defers considerably to the arbitrator's decision under the Federal Arbitration Act.[6] Clivedon and the Non-Signatories bear the burden of proof. Vacation of an award is appropriate if the arbitrators: (a) exceeded their powers or "imperfectly executed" their award based on an issue that was not submitted; and (b) engaged in misconduct by refusing to postpone a hearing or hear evidence pertinent to the controversy.[7]

---

[6] *Gulf Coast Indus. Workers Union v. Exxon Co.*, 991 F.2d 244, 248 (5th Cir. 1993).

[7] 9 U.S.C. §§ 10(a)(3), 10(a)(4).

If an arbitrator does not give each of the parties an adequate opportunity to present its evidence, the Court may vacate the award.[8] The Court may modify or correct an arbitration award if the award decides an issue not submitted that affects the merits of the award.[9]

Clivedon and the Non-Signatories have moved to vacate or modify the award in part to the extent it holds the Non-Signatories jointly and severally liable together with Clivedon for pre-award interest, attorneys' fees, and costs of arbitration. They raise arguments that the panel exceed its powers and, alternately, engaged in misconduct.

### a. Mootness

As an initial matter, Carlton argues that Clivedon and the Non-Signatories' grounds for vacatur are moot because Cliveden has already paid the full amount of the award, including those portions for which the Non-Signatories are purportedly jointly and severally liable.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'"[10] "[W]hen the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," a case is considered moot.[11] "Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot."[12]

---

[8] *Hoteles Condado Beach v. Union de Tronquistas Local*, 901, 763 F.2d 34, 39 (1th Cir. 1985).

[9] *See, e.g., First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995); *see also* Restatement (Third) U.S. Law of Int'l Comm. Arb. § 4.33(d) PFD (2019) ("A court may correct or modify a U.S. Convention award to the extent that ... that award determines a matter not submitted to the arbitral tribunal ....").

[10] *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).

[11] *Id.* at 396 (internal quotations omitted).

[12] *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).

The issue of liability is not moot. Cliveden prudently paid the amount it owed to avoid incurring interest. Payment of an award does not render a confirmation award non-justiciable. The Supreme Court has distinguished confirmation of an award from a defendant's payment or satisfaction of an award.[13]

Carlton and Cliveden have continued business. The non-signatories fear that an award that holds them liable for attorneys' fees in this arbitration could have a preclusive effect in future disputes of the assignment agreement. Just as the payment of a judgment does not cut off the payor's right of appeal,[14] so does Clivedon's payment not render the challenges to the arbitration award moot.

### b.  Exceeded Powers.

Cliveden and the Non-Signatories urge the Court to vacate the award because the panel exceeded its powers by holding the Non-Signatories liable for interest, costs, and attorneys' fees. They argue that Carlton's request for attorneys' fees was limited to Cliveden and insist that the Non-Signatories' liability was never presented to the panel.

Carlton argues the award is enforceable because the parties submitted the issue of the Non-Signatories' joint and several liability to the panel and because Carlton continually asserted its claims against all respondents in the arbitration – Cliveden *and* the Non-Signatories. Moreover, according to Carlton, the final award only excepted determinations as to the Non-Signatories' liability under the theories of alter-ego, agency, conspiracy, aiding or abetting, or successor liability; the panel was empowered under applicable arbitration law to assess joint and several liability on the Non-Signatories for interest, fees, and costs as a participant in the arbitration. According to Carlton, the Non-Signatories were not merely bystanders, and their liability was not based on an alter-ego theory.

---

[13] *Henderson v. Summerville Ford-Mercury Inc.*, 405 S.C. 440 (2013).

[14] *See Ferrell v. Trailmobile, Inc.*, 233 F.2d 697, 698 (5th Cir. 1955); *accord Miga v. Jensen*, 96 S.W.3d 207, 211 (Tex. 2002).

An arbitrator may not bind non-parties to an arbitration agreement,[15] and a award can be vacated for extending liability to a non-signatory.[16]

Here, while the Non-Signatories were parties in the arbitration, they were not parties to the contract. The panel did not consider evidence of the Non-Signatories' contractual liability and, therefore, did not rule on the issue. As a result, the consent award – establishing liability under the contract – did not include the Non-Signatories. The arbitrator justified the Non-Signatories' inclusion in the final award based on their participation in the arbitration, not based on joint and several liability as alter egos of Cliveden.

One important question remains: The Non-Signatories consented to being bound by the arbitration agreement, but did not consent to the assignment agreement. Under these circumstances, did the panel have the power to assess pre-award interest and arbitration-related fees against the Non-Signatories based on their participation in the arbitration?

Carlton argues the panel had such authority under the Texas International Arbitration Act and the AAA International Arbitration Rules. However, there is an important distinction between pre-award interest and the "costs of arbitration" (including attorneys' fees). The Texas International Arbitration Act clearly grants arbitrators extensive discretion to award costs and fees.[17] The International Arbitration Rules of the AAA similarly grant the arbitral tribunal discretion in allocating the costs of arbitration (including attorneys' fees) among the parties.[18] Under these standards, the panel did not exceed its powers in assessing attorneys' fees and costs against the Non-Signatories as parties to the arbitration.

---

[15] *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 140 (2d Cir .2007).

[16] *Amedeo Hotels Ltd. P'ship v. New York Hotel & Motel Trades Council, AFL-CIO*, No. 10 CIV. 6150 NRB, 2011 WL 2016002, at *7 (S.D.N.Y. May 18, 2011).

[17] Tex. Civ. Prac. & Rem. Code § 172.145.

[18] International Dispute Resolution Procedures, International Centre for Dispute Resolution, Art. 37 (Mar. 1, 2021).

Pre-award interest is treated separately. Texas law permits arbitrators to award interest, but the statute does not explicitly give the same discretion for interest as it does for costs and fees.[19] Under the *AAA International Rules*, the tribunal's *monetary award* can include "such pre-award and post-award interest, simple or compound, as it considers appropriate, taking into consideration the contract and applicable law(s)."[20] Pre-award interest is intended to be a part of the monetary award, to make the victor whole, and to account for the victor's inability to use the funds from the time of the injury until the time of the award. While the panel had power to award pre-award interest to Carlton, the authority was limited to Cliveden – the only party against whom compensatory damages were assessed. The panel exceeded its authority in assessing pre-award interest on the Non-Signatories.

After considering the applicable rules and the nature of the remedies, the Court confirms the award as to the Non-Signatories' liability for attorneys' fees and costs but vacates the award as to the Non-Signatories Non-Signatories' liability for pre-award interest.

### c.   *Misconduct.*

The Non-Signatories also argue that the panel's failure to hear evidence on their liability on the request for modification constitutes misconduct prejudicing the rights of the Non-Signatories.

In contrast, Carlton says the Non-Signatories' liability for interest, fees, and costs *were* presented to the panel, that the panel did not refuse to hear pertinent evidence material to the controversy, and that the panel considered the evidence in the Non-Signatories' briefs and rejected their argument. Carlton attempts to flip the panel's decision not to hear the evidence as a decision on the merits. It is not. In its opinion on Cliveden's request for modification, the panel specifically noted that

---

[19] *Compare* Tex. Civ. Prac. & Rem. Code § 172.144 (interest), *with id.* § 172.144 (costs).

[20] ICDR Pro. Art. 34(4).

Cliveden's arguments concerning the Non-Signatories' liability were "novel," implying that the arguments had not been previously raised to the panel.

While the Court rejects Carlton's arguments that the panel considered the Non-Signatories' liability and found in favor of Carlton, the panel's refusal to considered new evidence and arguments about the Non-Signatories' liability was not misconduct. Misconduct is a high bar. The panel's refusal to hear the evidence concerning the liability of the Non-Signatories, raised for the first time in a request for correction, was proper, as the issue was not submitted. The Court finds no misconduct.

3.      *Pre-Arbitration Attorneys Fees.*

Between 2012 to 2017, the parties litigated in federal court. Carlton sought recovery of these fees in arbitration, but the panel concluded it lacked jurisdiction for determining a pre-arbitration award and rejected the request.  Carlton now an seeks attorneys' fees award under Federal Rule of Civil Procedure 54 for fees incurred the pre-arbitration proceedings.

A.      *Jurisdiction.*

As an initial matter, the parties dispute whether this Court has jurisdiction to consider such a request. Cliveden and the Non-Signatories argue that this Court similarly lacks jurisdiction because Carlton is seeking attorneys' fees in a motion to confirm an arbitration award, when it should have brought this request in the prior litigation. Additionally, Cliveden and the Non-Signatories argue that Carlton is time-barred from recovering attorneys' fees because the deadline to move for fees was 14 days after a final judgment in the original litigation– more than two years ago.

Carlton argues Rule 54 applies because, upon confirmation, the Court's confirmation award will become a final judgment, thus the motion for attorneys' fees is treated as a post-judgment request for a fee award. Because the prior litigation did not end in final judgment but in a dismissal, the claim for fees was not ripe at that time under Rule 54.

The freestanding attorneys' fees request is unusual in a summary proceeding to confirm an award. In a perfect world, a pre-arbitration fee request would be made in the court compelling arbitration, who had intimate knowledge of the procedural history in the case. But because the previous court dismissed the case, sua sponte, Carlton was deprived of its right to petition for attorneys' fees.

Final judgment was not rendered in the prior litigation. Instead of staying the case pending arbitration, it was dismissed, leaving Carlton no avenue to seek attorneys' fees for pre-arbitration litigation. Carlton attempted to have the arbitrators decide the issue. The panel rejected the claim because it was outside the scope of submission. Because Carlton did not have an opportunity to assert its claim for attorneys' fees in the prior litigation or in the arbitration, this Court has jurisdiction to consider it in addition to the confirmation award.

B.    *Attorneys' Fees.*

The assignment agreement between Carlton and Cliveden is governed by Texas law. Texas Civil Practice and Remedies Code chapter 38 provides for the award of attorneys' fees to a prevailing claimant in a breach of contract action. Carlton must show that it (a) prevailed on a cause of action; and (b) recovered damages.[21] A prevailing party is one who prevails on a cause of action in which attorneys' fees are recoverable and recovers damages, i.e. the party recovers money or something of value.[22] It must be based on the success of the merits. The Court looks to the judgment, not preliminary verdicts or rulings, as the critical component of our analysis regarding whether a party "prevailed" in a suit and is thus entitled to attorney's fees.[23]

---

[21] Tex. Civ. Prac. & Rem. Code § 38.001; *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015).

[22] *Crenshaw v. State Farm Lloyds*, 425 F. Supp. 3d 729, 741 (N.D. Tex. 2019) (citing *Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 796–97 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).

[23] *Elness Swenson Graham Architects, Inc., v. RLJ II-C Austin Air, LP* 520 S.W.3d 145 (Tex. App.—Austin 2017, pet. denied).

Carlton argues it prevailed in arbitration because it obtained a favorable interpretation of the contract and received monetary damages through the consent award. Because the award was more favorable to Carlton than the Cliveden, Carlton asserts it prevailed. Carlton argues that recovery of all fees is proper under chapter 38, including fees incurred in pursuing discovery against the Non-Signatories, because such legal work was necessary to advance its contract claim against Cliveden.

Cliveden and the Non-Signatories argue that Carlton is not a prevailing party for the purposes of chapter 38. Because the prior lawsuit was dismissed without prejudice, there was no adjudication of the breach of contract claim. Additionally, they argue that Carlton cannot recover all the fees sought because they were not reasonable and necessary, as Carlton unnecessarily prolonged litigation by insisting on discovery for the Non-Signatories.

The Court agrees with Cliveden and the Non-Signatories. The pre-arbitration federal court case – where the fees at issue were incurred – did "not involve a 'contract claim' *per se*, rather it [was] in the nature of a proceeding to enforce a provision in a contract.... Where the parties anticipate a dispute and provide a contractual method for its resolution, invocation of that method is not a [claim for] breach of contract."[24] Therefore, there was no breach of contract claim on which to prevail, and Carlton is not entitled to attorneys fees under chapter 38 by virtue of attaining a favorable award in arbitration.[25] Carlton's request for attorneys' fees is denied.

---

[24] *Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 236 (Tex. App.—Houston [14th Dist.] 1993, writ denied).

[25] *See id.* (attorneys' fees not required under section 38.001 in proceeding to compel arbitration).

5. *Conclusion.*

The arbitration award is confirmed as to Cliveden. The award against the Non-Signatories is vacated as to pre-award interest and confirmed as to attorneys' fees and costs of arbitration. (1) (2)

Carlton's request for pre-arbitration attorneys' fees is denied. (1)

Signed on January __12__, 2023, at Houston, Texas.

Lynn N. Hughes
United States District Judge